J-S38035-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT EDWARD KERR, | : | |
| | : | |
| Appellant | : | No. 149 EDA 2014 |

Appeal from the Judgment of Sentence Entered February 14, 2011,
In the Court of Common Pleas of Lehigh County,
Criminal Division, at No. CP-39-CR-0003147-2009.

BEFORE:  FORD ELLIOTT, P.J.E., BOWES and SHOGAN, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JULY 30, 2014**

Appellant, Robert Edward Kerr, appeals from the judgment of sentence entered after he pled guilty to robbery and conspiracy to commit robbery. We affirm.

The trial court set forth the facts of this case as follow:

On June 2, 2009, at approximately 7:45 a.m., Todd Koch, the victim in this case, arrived at his business, Todd's Island Seafood, located at 1234 MacArthur Road in Whitehall Township, Lehigh County. As Mr. Koch began opening the door to the business, three individuals rushed him. All three were wearing masks. One had a gun and pointed it at Mr. Koch. Another had a knife in his hand. The assailants put Mr. Koch on the floor of the store, duct taped him, and took a number of keys from him, including the key to his vehicle.

At approximately 8:00 a.m., John Langer, a business associate of Mr. Koch, arrived for an appointment. When he got to the door, two of the individuals rushed him and the third ran around the back of the building. They forced Mr. Langer to the

ground at gunpoint, took his wristwatch, a cell phone, and $42.00 in U.S. currency.

Whitehall Police were called after the assailants left. They began investigating the scene and reviewed surveillance footage. An all[-]points bulletin was issued for the three individuals in a blue Mitsubishi vehicle.

At 9:00 a.m., Allentown police received a call for a robbery in progress at the Easy Cash, a check cashing store located at 604 North 14th Street, Allentown, Pennsylvania. When police arrived, they found the store owner, Mr. Martinez, with a facial wound from being either punched or pistol whipped. Mr. Martinez reported the assailants held a gun to his side as he was opening the store and they attempted to rob him, but he fought them off.

Rosina Arroyo, a female employee of Easy Cash, reported that the suspects left in a dark blue, sports-type vehicle with a wing on the back. She also indicated there was something red on the front license plate of the car. She followed the suspects before they fled in that vehicle.

Detective Eric Wagner of the Allentown Police Department learned that patrolman Michael Mancini located a vehicle matching the description of the suspects' vehicle provided by Ms. Arroyo. The vehicle was registered to Appellant's brother.

When the vehicle was located, other detectives saw a female at the vehicle entering it, placing items in a book bag, and walking away from it. She was stopped and asked for identification. She indicated her name was Paula Kerr. Ms. Kerr told police her sons, Appellant and one of the co[-]defendants in this case, were not home because they were in New York. Ms. Kerr consented to a search of the bag she was carrying. Inside, police found a stun gun, a BB gun, duct tape, and rubber gloves. Whitehall police later identified the book bag as the one carried by one of the robbery suspects from the Whitehall incidents.

Shortly after the vehicle and bag were identified, Appellant was stopped by police. One of the witnesses from the Easy Cash

incident was brought to the scene and identified Appellant's brother, Ronald. Appellant was taken into custody later that evening. Ronald was *Mirandized* and interviewed, at which time he admitted that he, Appellant, and a third male, Malcolm Jenkins, robbed Todd's Island Seafood, a pedestrian in front of the seafood establishment, and the Easy Cash facility. Ronald admitted that he and Mr. Jenkins were in possession of weapons during the robberies, and he implicated Mr. Jenkins as being the individual who struck Mr. Martinez during the attack on him.

Reichley Opinion, 1/30/14, at 1–3.[1]

Appellant pled guilty to three counts of robbery and three counts of conspiracy to commit robbery on December 17, 2010. Pursuant to a negotiated plea agreement, the trial court sentenced Appellant on February 14, 2011, to incarceration for an aggregate term of eight to thirty years. This was the same sentence his co-defendant brother, Ronald, received, but a greater sentence than the sentence imposed on co-defendant Malcolm Jenkins. Appellant filed a post-sentence motion on February 22, 2011, challenging the discretionary aspects of his sentence. The trial court denied the motion on March 9, 2011. Thereafter:

Appellant appealed, challenging the discretionary aspects of his sentence. On November 4, 2011, the Superior Court of Pennsylvania entered an order and a Memorandum Opinion in which it concluded that Appellant had waived his appeal by virtue of raising different sentencing issues on appeal than those

---

[1] The Honorable Lawrence J. Brenner presided over Appellant's guilty plea and sentencing. He filed an opinion pursuant to Pa.R.A.P. 1925(a) on May 2, 2011 ("Brenner Opinion"). The Honorable Douglas C. Reichley presided over Appellant's petition for collateral relief and appeal *nunc pro tunc*. He filed an opinion pursuant to Pa.R.A.P. 1925(a) on January 30, 2014 ("Reichley Opinion").

raised in his post-sentence motions. [*Commonwealth v. Kerr*, 825 EDA 2011 (Pa. Super. November 4, 2011), unpublished memorandum at 2]. Appellant filed a Petition for Allowance of Appeal to the Supreme Court of Pennsylvania on November 14, 2011. The Supreme Court denied his allocator petition on July 2, 2012.

On July 3, 2012, Appellant filed a *pro se* Motion for Post Conviction Collateral Relief. The Court appointed David N. Melman, Esq. to represent Appellant and gave Attorney Melman sixty (60) days to file an Amended PCRA Petition. An Amended PCRA Petition was timely filed on October 2, 2013.

On December 5, 2013, a PCRA hearing was scheduled before [the trial court]. At that time, the Commonwealth agreed to the reinstatement of Appellant's appeal rights as relief under the PCRA and afford him the right to file a new Notice of Appeal *nunc pro tunc*. Appellant filed a timely Notice of Appeal on December 26, 2013. Appellant then filed a Concise Statement of [Errors] Complained of on Appeal on January 16, 2014.

Reichley Opinion, 6/30/14, at 3–4.

On appeal, Appellant presents the following questions for our review:

1. IS THERE A SUBSTANTIAL QUESTION FOR WHICH THE SUPERIOR COURT SHOULD GRANT ALLOWANCE OF APPEAL FROM THE DISCRETIONARY ASPECTS OF THE SENTENCE?

   A. Whether the sentencing court failed to adhere to the fundamental norm underlying the sentencing process to provide sanctions proportionate to the severity of the crime and the severity of the offender's prior conviction record, where a more culpable codefendant, who carried a gun and inflicted serious personal injury on a victim, was given a lighter sentence than that received by [Appellant], a less culpable defendant, who neither carried a weapon nor inflicted injury on any victims of the crimes, rendering the sentence given to [Appellant] manifestly unreasonable?

B. Whether [Appellant's] claim of excessiveness respecting his aggregate sentence of not less than 8 nor more than 30 years because of the consecutive nature of the two groups of sentences raises a substantial question whether, under the Sentencing Code, [Appellant's] sentence was "so manifestly excessive as to constitute too severe a punishment"?

C. Whether, where the lower Court sentenced [Appellant], the less culpable defendant who did not carry a weapon or inflict injury to the victims of the crimes, to a much greater sentence than the more culpable co-defendant, who carried the weapon and inflicted the harm on the victim, the sentence of [Appellant] is by comparison harsh and manifestly excessive and therefore unreasonable and unjust?

D. Whether, where the Court emphasized that the situation was made worse by the fact that [Appellant] and his brother went out in the morning and committed two robberies, and then went back in the afternoon to commit the third, whereas the record indicates that the robberies all occurred in the morning within an hour of each other, the Court's error in this fact, which could have affected the Court's decision to make the two groups of sentences consecutive to one another, creates a substantial question for review by the Superior Court?

2. DID THE TRIAL COURT ABUSE ITS DISCRETION IN IMPOSING A SENTENCE WHICH WAS HARSH AND MANIFESTLY EXCESSIVE, AND THEREFORE UNJUST AND UNREASONABLE?

Appellant's Brief at 7–8.

At the crux of Appellant's issues is a challenge to the discretionary aspects of his sentence. "A defendant who has pled guilty may challenge

the discretionary aspects of his sentence as long as the defendant did not agree to a negotiated sentence as part of a plea agreement." *Commonwealth v. Johnson*, 758 A.2d 1214, 1216 (Pa. Super. 2000). However:

> where a defendant pleads guilty pursuant to a plea agreement specifying particular penalties, the defendant may not seek a discretionary appeal relating to those agreed-upon penalties. Permitting a defendant to petition for such an appeal would undermine the integrity of the plea negotiation process and could ultimately deprive the Commonwealth of sentencing particulars for which it bargained.
>
> In some cases, there may be plea agreements specifying some but not all aspects of the sentence. For example, in [*Commonwealth v. Dalberto*, 648 A.2d 16, 20 (Pa. Super. 1994)], the parties did not have an agreement as to the length of the defendant's sentence, but they did agree that no more than two of the several charges to which the defendant pled guilty would result in consecutive prison terms. *Id.* at 18. After the defendant pled guilty, the court imposed various terms of imprisonment that were consecutive at two counts and concurrent at the remaining charges. *Id.* at 20. This Court later determined that, by pleading guilty pursuant to such an agreement, the defendant could not seek a discretionary appeal involving the agreed-upon terms (*i.e.*, the consecutive nature of two of his sentences) but he could seek such an appeal with respect to the length of his sentences because that aspect of his penalty had not been negotiated. *Id.* at 21.

*Commonwealth v. Brown*, 982 A.2d 1017, 1019 (Pa. Super. 2009); *but see Dalberto*, 648 A.2d at 20 (holding that defendant who pleads guilty without agreement as to sentence retains right to petition for allowance of appeal with respect to discretionary aspects of sentencing).

The record before us reveals that the parties negotiated—and the sentencing judge accepted—the following sentencing terms:

- the sentences for robbery counts 1 and 3 and conspiracy counts 2 and 4 would run concurrently with one another ("Group I");[2]

- the sentences for robbery count 5 and conspiracy count 6 would run concurrently with one another ("Group II");[3]

- the sentencing judge would determine if Group I and Group II would be served concurrently or consecutively;[4]

- counts 7, 8, and 9 would be withdrawn;

- the minimum sentence imposed for each charge would not exceed the standard range—thirty-nine to forty-one months for robbery and twenty-seven to thirty-nine months for conspiracy;

- the five-year mandatory sentence would be waived; and

- the deadly weapon enhancement would be counted as "possessed" rather than as "used" in calculating the standard range sentence.

N.T., 2/14/11, at 2–3; Brenner Opinion, 5/2/11, at 2–3.

In sum, Appellant agreed to a minimum term on each count in the standard range. However, Appellant left to the sentencing court's discretion the maximum term and whether Group I and Group II ran concurrently or consecutively. "We reject any suggestion that, by agreeing to leave the

---

[2] The counts in Group I relate to the events at Todd's Island Seafood. Brenner Opinion, 5/2/11, at 3 n.4.

[3] The counts in Group II relate to the events at the Easy Cash. Brenner Opinion, 5/2/11, at 3 n.5.

[4] The sentencing judge ordered that the sentences imposed for the Group II counts would run consecutively to the sentences imposed on the Group I counts. Brenner Opinion, 5/2/11, at 4.

maximum term within the court's discretion, [Appellant] somehow agreed it would be acceptable if the court abused that discretion." ***Brown***, 982 A.2d at 1019. Consequently, we conclude that Appellant has not waived the right to seek an appeal challenging the sentencing court's discretion in imposing a maximum term and in running Group I and Group II consecutively.

As in ***Brown***, we emphasize that permitting Appellant to petition this Court for allowance of appeal with respect to the exercise of the sentencing court's discretion in setting Appellant's maximum term and running the sentencing groups consecutively does not deprive the Commonwealth of terms to which it agreed and does not otherwise undermine the plea process in any way. If the Commonwealth wanted an agreement particularizing the maximum term of confinement and whether the two groups ran concurrently or consecutively, "the Commonwealth could have insisted upon such an agreement and thereby insulated such particulars from discretionary review. The Commonwealth did not do so." ***Brown***, 982 A.2d at 1019. Rather, the parties came to an agreement as to the minimum term while leaving other aspects of Appellant's sentence to the discretion of the court. Accordingly, while Appellant cannot seek to appeal that part of his sentence set by the plea bargain, he can request permission to appeal the parts of his sentence left explicitly or implicitly to the court's discretion. ***Brown***, 982 A.2d at 1019.

We have often repeated that there is no absolute right to appeal the discretionary aspects of a sentence. *Commonwealth v. Hartle*, 894 A.2d 800, 805 (Pa. Super. 2006). Rather, such an appeal should be considered to be a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id*. at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528 (Pa. Super. 2006)). Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis. *Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001). As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. *Commonwealth v. Malovich*,

903 A.2d 1247, 1252 (Pa. Super. 2006). An appellant must articulate the reasons the sentencing court's actions violated the sentencing code. *Id*.

Herein, the first three requirements of the four-part test are met, those being that Appellant brought an appropriate appeal, sufficiently preserved the issue through a post-sentence motion,[5] and included in his appellate brief the necessary separate concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Therefore, we determine whether Appellant raises any substantial questions requiring us to review the discretionary aspects of the sentence imposed by the trial court.

In his Rule 2119(f) statement, Appellant raises several challenges to the discretionary aspects of his sentence. First, Appellant claims that "the sentencing judge's actions were contrary to the fundamental norms which underlie the sentencing process" in that he sentenced "a more culpable defendant, who carried a gun and inflicted serious personal injury on a

---

[5] Upon review of Appellant's Rule 1925(b) statement and post-sentence motion, the trial court found that, "notwithstanding the difference in the specific reasoning behind the allegation that the sentence was excessive, . . . as a technical matter, Appellant *did* preserve his argument that the Court erred in sentencing him to a harsh and excessive sentence by raising that issue in both his Post Sentence Motion and in his Concise Statement." Reichley Opinion, 1/30/14, at 7. We concur.

victim, to a substantially lesser sentence than that received by [Appellant[6]], a less culpable defendant with a good background, who neither carried a weapon nor inflicted injury on any victims of the crimes." Appellant's Brief at 20. This claim raises a substantial question, thus requiring our review. *See Commonwealth v. Mastromarino*, 2 A.3d 581, 589 (Pa. Super. 2010) (holding substantial question raised where appellant averred disparity between his sentence and that of his co-defendant).

> Our standard of review in appeals of sentencing is well settled:
>
> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Mann*, 957 A.2d 746, 749 (Pa. Super. 2008).

"The law is well settled that co-defendants are not required to receive identical sentences." *Mastromarino*, 2 A.3d at 589. Moreover, a sentencing court need not specifically refer to the sentence of a co-defendant. "Rather, it requires that when there is a disparity between co-defendants' sentences, a sentencing court must give reasons particular to

---

[6] According to Appellant, his co-defendant, Malcolm Jenkins, received an aggregate sentence of sixty-two months to twenty years. Appellant's Brief at 13.

each defendant explaining why they received their individual sentences."

*Id*.

Here, the sentencing court provided ample reasons for Appellant's particular sentence:

> The aggregate sentence here would be for a period of eight years to [thirty] years. The sentence is in accordance with the binding plea agreement and is in the standard range of sentencing.
>
> I have taken the presentence investigation into consideration in this sentencing. However, I cannot, cannot overlook the very substantial physical injury to Mr. Martinez, the victim, as well as the emotional impact upon him, as well as the impact upon the other two victims.
>
> The Court has got to consider the safety and protection of the community.
>
> *  *  *
>
> This was not just an aberration. You know, you went out once. It was done. But, you went back again. And we're dealing with armed robberies here.
>
> *  *  *
>
> Let me say this to you: It's not easy certainly to hear the sentence. It's not easy for me, particularly, when I see two people who are really intelligent people. You had every opportunity. I heard your mother here. I saw the letters. I read what your sister sent. You know, it just shouldn't have happened, but it did happen. And, you know, you have victims here who are going to live with this the rest of their life. As I indicated to you, I have got to protect the community.

N.T., 2/14/11, at 38, 41, 44. In its Rule 1925(a) opinion, the sentencing court further explained its rationale as follows:

-12-

[Appellant], with his cohorts, robbed and victimized three men at two different locations, brandishing a firearm and striking one of the victims in the face with the firearm. In fashioning an appropriate sentence, the Court considered the impact the crimes had on the victims. Ortelio Martinez, the individual who was victimized at the second robbery location, explained during his interview for [Appellant's] PSI that he was hit twice with the gun, that he had a cracked bone near his nose, and that he still experiences vision problems from the injury. According to the PSI, Mr. Martinez "recommended that the defendants be sentenced to state incarceration for 'as long a time as you can.' He remarked that he does not []plan to attend sentencing, because he fears retaliation from them." (PSA at 4)

* * *

In addition to considering the impact on the victim and on the community, the Court also considered the fact that this was not [Appellant's] first or only brush with the law. He had been on probation as a juvenile and was arrested twice and pled guilty both times to disorderly conduct – once as a juvenile (2004) and once as an adult (2007) – in addition to other minor offenses to which he pled guilty on other occasions in 2003 and 2007. Additionally, in the Court's view, the crimes at issue here were not a single isolated incident confined to 1234 MacArthur Road, Whitehall; rather, [Appellant] and his cohorts traveled to another location, 604 North 14th Street, Allentown, and committed robbery against a senior citizen, harming him both physically and psychologically.

The Court considered the Sentencing Guidelines, the PSI, and the testimony of [Appellant], his brother, and his mother. In imposing [Appellant's] sentence, this Court considered "the protection of the public, the gravity of the offense as it relates to the impact on the victims and the community, [Appellant's] rehabilitative needs, and the Sentencing Guidelines." 42 Pa.C.S.A. § 9721(b); *Commonwealth v. Feucht*, 955 A.2d 377, 383 (Pa. Super. 2008). Using its discretion, this Court imposed a sentence that was both within the standard range of the Sentencing Guidelines and within the law.

Brenner Opinion, 5/2/11, at 6–7.

Additionally, Judge Reichley opined that Appellant's sentence was appropriate:

> In sum, Judge Brenner considered all of the relevant factors in imposing a sentence. Appellant and his co-defendants caused permanent physical and mental injuries to their victims. The circumstances of the robberies demonstrated a serious degree of planning and preparation, including bringing weapons and duct tape with them. Protecting the community from them is a priority. At the same time, Judge Brenner honored the plea agreement and sentenced Appellant within the standard range. The sentence in this case was appropriately structured to achieve the objectives and is neither excessive nor an abuse of discretion.

Reichley Opinion, 6/30/14, at 9–10.

Based on our review of the record, the relevant law, and the opinions of the two jurists, we conclude that the trial court sufficiently explained the reasons for Appellant's particular sentence. Therefore, we discern no abuse of discretion.

The next claim in Appellant's Rule 2119(f) statement is that the sentencing court abused its discretion by imposing a sentence that was "manifestly excessive as to constitute too severe a punishment" due to "the consecutive nature of the two groups of sentences." Appellant's Brief at 20. In a related argument, Appellant asserts that the sentencing court relied on an unsupported fact about when the various incidents occurred, "which could have affected the Court's decision to make the two groups of sentences consecutive to one another." *Id.* at 21.

In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.

*Commonwealth v. Mouzon*, 828 A.2d 1126, 1128 (Pa. Super. 2003).

"Generally, Pennsylvania law 'affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion ordinarily does not raise a substantial question.'" *Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa. Super. 2011) (quoting *Commonwealth v. Pass*, 914 A.2d 442, 446–447 (Pa. Super. 2006)); 42 Pa.C.S.A. § 9721; *see also Commonwealth v. Hoag*, 665 A.2d 1212, 1214 (Pa. Super. 1995) (stating appellant is not entitled to "volume discount" for his crimes by having all sentences run concurrently). *But see Commonwealth v. Dodge*, 957 A.2d 1198 (Pa. Super. 2008) (holding consecutive, standard range sentences on thirty-seven counts of petty theft offenses for aggregate sentence of fifty-eight and one-half to 124 years of imprisonment constituted virtual life sentence and was so manifestly excessive as to raise substantial question). "Thus, in our view, the key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at

issue in the case." **Prisk**, 13 A.3d at 533 (quoting **Mastromarino**, 2 A.3d at 587). **See also Commonwealth v. Austin**, 66 A.3d 798 (Pa. Super. 2013) (holding that challenge to imposition of consecutive sentences, which yields extensive aggregate sentence, does not necessarily present substantial question as to discretionary aspects of sentencing, unless court's exercise of discretion led to sentence that is grossly incongruent with criminal conduct at issue and patently unreasonable).

Here, the sentencing court observed on the record that this case involved "three separate armed robberies. I have victims, one with permanent injury, and two others who are emotionally scarred by reason of this. . . . A lot of things have been built into this plea agreement, not only the sentence in the standard range, but the possession of a deadly weapon, but not used. If that were not there, and there's a question in terms of that, and that was part of the plea agreement as well. . . ." N.T., 2/14/11, at 28, 32. Moreover, the sentencing court honored the plea agreement in every respect. **Id.** at 35–38.

Thus, upon review, although a substantial question appears to exist on the grounds alleged, we must emphasize that Appellant's myriad convictions stem from three pre-planned daylight robberies all committed in one day. Appellant pled guilty to six separate offenses involving multiple victims. Further, as dictated by Appellant's plea agreement, the sentencing court did

not impose consecutive sentences on every conviction. Rather, the sentencing court divided the sentences into two groups of concurrent sentences. In seeking review of his aggregate sentence, Appellant is not entitled to any further "volume discount" for his multiple offenses. *Hoag*, 665 A.2d at 1214. Based upon the foregoing, we will not deem Appellant's sentence excessive or unreasonable in light of the crimes committed and the sentencing court's consideration of the individual circumstances of this case. *Prisk*, 13 A.3d at 533; *Commonwealth v. McWilliams*, 887 A.2d 784, 787 (Pa. Super. 2005) (holding that standard range sentences were not excessive even though they ran consecutively for an aggregate sentence of forty-one to eighty-two years of imprisonment). Hence, we conclude that Appellant has not presented a substantial question for our review in this regard.

The remaining claim in Appellant's Rule 2119(f) statement is that the sentencing court abused its discretion by failing to consider mitigating factors, such as the fact that Appellant "did not carry a weapon or commit a violent act, expressed sincere remorse, had a good background, and was experiencing serious family problems." Appellant's Brief at 20. "[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013) (quoting

***Commonwealth v. Downing***, 990 A.2d 788, 794 (Pa. Super. 2010) (citation omitted)). Accordingly, we conclude Appellant's argument that the trial court failed to give adequate weight to mitigating factors does not present a substantial question appropriate for our review.

For the reasons outlined above, Appellant's sentencing challenges fail to raise a substantial question or lack merit. Accordingly, we affirm the judgment of sentence.

Judgment of sentenced affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/30/2014

-18-